**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ISIAH WHITE, Individually and on                                    PLAINTIFF
Behalf of All Others Similarly Situated

vs.                          No. 4:20-cv-742-KGB

SKIPPY FOODS, LLC, HORMEL FOODS                                     DEFENDANTS
CORPORATION, HORMEL FOODS CORPORATE
SERVICES, LLC, and HORMEL FOODS SALES, LLC

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Isiah White ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Skippy Foods, LLC, Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, and Hormel Foods Sales, LLC (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating a peanut butter factory in Little Rock.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. Plaintiff was employed by Defendant at its factory located in the Central Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

8. Plaintiff is an individual resident and domiciliary of Pulaski County.

9. Separate Defendant Skippy Foods, LLC ("Skippy"), is a foreign limited liability company.

10. Skippy's registered agent for service is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11. Separate Defendant Hormel Foods Corporation ("HF Corporation"), is a foreign, for-profit corporation.

12. HF Corporation's registered agent for service is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13. Separate Defendant Hormel Foods Corporate Services, LLC ("HFCS"), is a foreign limited liability company.

14. HFCS's registered agent for service is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

15. Separate Defendant Hormel Foods Sales, LLC ("HF Sales"), is a foreign limited liability company.

16. HF Sales's registered agent for service is C T Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201

### III.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, revenue generated by Skippy, HF Corp., HFCS and HF Sales was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and pharmaceutical drugs.

22. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

23. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA and the AMWA.

24. Defendant owns and operates a peanut butter factory in Little Rock.

25. Defendant employed Plaintiff as an hourly-paid Label Operator from June of 2019 to May of 2020.

26. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid him an hourly wage.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. In addition to his hourly rate, Plaintiff periodically received bonuses.

29. Defendant also employed other hourly employees who received bonuses (hereinafter, "bonusing employees").

30. Plaintiff and other bonusing employees received bonuses if the factory met certain objective requirements such as meeting safety goals.

31. These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

32. At all relevant times herein, Defendant directly hired bonusing employees to work at its factories, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33. Plaintiff regularly worked over forty (40) hours per week while employed by Defendant.

34. Other bonusing employees worked over forty (40) hours in at least some weeks while employed by Defendant.

35. During weeks in which Plaintiff and other bonusing employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and other bonusing employees.

36. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and other bonusing employees' overtime pay.

38. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff brings his FLSA claim on behalf of all other bonusing employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received bonuses;

D. They had the same or substantially similar job duties, requirements and pay provisions;

E. They worked over forty (40) hours in at least one week in which they performed work in connection with a bonus; and

F. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51. Plaintiff is unable to state the exact number of the class but believes that there are approximately one hundred (100) other employees who

worked as hourly employees and received an improperly calculated overtime rate due to nondiscretionary bonuses.

52. Defendant can readily identify the members of the Section 16(b) collective which encompasses all hourly employees who received a bonus and worked more than forty hours in a week.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate for all hours worked in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff brings this collective action on behalf of himself and all similarly situated employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours he and they worked in excess of forty (40) each week.

65. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

66. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and others in their regular rate when calculating their overtime pay.

67. In the past three years, Defendant has employed more than one hundred (100) hourly employees who were eligible for nondiscretionary bonuses.

68. Upon information and belief, Plaintiff and all or almost all employees who received nondiscretionary bonuses worked more than 40 hours in at least one week in which they performed work connected to a bonus.

69. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

70. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## VII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiff asserts these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

75. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

77. At all times relevant to this Complaint, Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA.

78. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

79. Defendant's failure to pay proper overtime wages was willful.

80. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Isiah White, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective

members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

  C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and the attendant regulations;

  D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

  E. Judgment for damages for all unpaid back wages owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the FLSA, the AMWA and the attendant regulations;

  F. Judgment for liquidated damages pursuant to the FLSA, the AMWA and the attendant regulations;

  G. An order directing Defendant to pay Plaintiff and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

  H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**ISIAH WHITE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ISIAH WHITE, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:20-cv-_____

**SKIPPY FOODS, LLC, HORMEL FOODS**     **DEFENDANTS**
**CORPORATION, HORMEL FOODS CORPORATE**
**SERVICES, LLC, and HORMEL FOODS SALES, LLC**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Skippy Foods, LLC, Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, and Hormel Foods Sales, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*[signature]*
_____
**ISIAH WHITE**
June 15, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**